UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN ADMIRALTY

CASE NO.: _____

IN THE MATTER OF THE COMPLAINT OF
BRIAN LEONOVICZ, AS OWNER, FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY OF A 2018 23' SEA HUNT
ULTRA 234 CRUISER VESSEL, BEARING
HULL ID NO. SXSY0039I718.

_____/

**PETITION FOR EXONERATION FROM OR
LIMITATION OF LIABILITY**

Petitioner, BRIAN LEONOVICZ, (hereinafter "Petitioner"), as owner of a 2018 23' Sea Hunt Ultra 234 Cruiser vessel, (hereinafter the "Vessel"), bearing Hull Identification No. SXSY0039I718, by and through undersigned counsel, and pursuant to the provisions of 46 U.S.C. § 30501 *et seq.*, Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Admiralty Rule F"), and the applicable local rules of the U.S. District Court for the Middle District of Florida , hereby respectfully petitions this Court for Exoneration from or Limitation of Liability for all claims arising out of an incident that occurred on or about December 10, 2021, on the navigable waters of the United States in the intracoastal waterway near Lovers Key in Estero Bay, Fort Myers, Florida, and as grounds therefore states as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Fed. R. Civ. P. Rule 9 (h), 28 U.S.C. 1333 and U.S. Const. art. III, § 2.

2. This action is brought by Petitioner pursuant to the terms of the Limitation of Liability Act, 46 U.S.C. §30501 *et seq.* and Supplemental Admiralty Rule F, governing Limitation of Liability actions.

3. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §§1331, 1333 and 46 U.S.C. §30501 *et seq.*

4. At all times material hereto, the Vessel is and has been located within the territorial limits of the United States District Court for the Middle District of Florida. Therefore, venue is proper in this District pursuant to Supplemental Rule F (9).

5. At all times material hereto, Petitioner was an individual residing in Plymouth, Minnesota.

6. At all times material hereto, Petitioner is and has been the registered owner of the subject Vessel, a 2018 23' Sea Hunt Ultra 234 Cruiser vessel bearing Hull Identification No. SXSY0039I718.

7. The events, acts, and circumstances giving rise to this Petition occurred on the navigable waters near Lovers Key in Estero Bay, Fort Myers, Florida, on or about December 10, 2021, while the Vessel was engaged in maritime activity.

8. Petitioner seeks exoneration pursuant to Supplemental Rule F (2) and, in alternative, seeks to claim and invoke the rights, privileges, remedies and

procedures of the Shipowners Limitation of Liability Act, Title 46, U.S. Code Section 30501 *et seq.*

9. At all times material hereto, the foregoing Vessel was in all respects seaworthy and suitable for use as a vessel on the navigable waters of the United States.

10. At all times material hereto, Petitioner exercised due diligence to make and maintain the Vessel in a condition such that it was fit for its normal and intended use.

11. The Vessel has not been attached or arrested in *rem* in any civil proceeding.

12. At all times material hereto, Petitioner was qualified, properly trained, and experienced in the use and operation of the Vessel.

13. On or about December 10, 2021, the Vessel is alleged to have been operated by Petitioner, Brian Leonovicz, on navigable waters in or near the intracoastal waterway near Lovers Key in Estero Bay, Fort Myers, Florida, when the Vessel was struck by a personal watercraft (hereinafter the "PWC"). The injured passengers aboard the PWC, Sunil K. Khanna and Nishi Khanna, suffered fatal injuries at the time of the alleged incident. (Hereinafter, the "Incident").

14. To Petitioner's knowledge, potential Claimants to this action include: the estates of, Sunil K. Khanna and Nishi Khanna; and Mid-Island Watersports, c/o Campbell Johnston & Clark, LLP, 2600 South Douglas Road, Suite 508, Coral Gables, Florida 33134-6100.

15. After this Incident, at attorney at Campbell Johnston & Clark sent an e-mail correspondence to Petitioner dated January 27, 2022, advising of his representation of Mid-Island Watersports in connection with this Incident.

16. The instant Petition for Exoneration from or Limitation of Liability is being filed less than six months after Petitioner's first receipt of notice regarding a potential claim in writing; therefore, it is timely filed pursuant to the provisions of Supplemental Rule F.

17. The Vessel was minimally damaged but is not lost nor abandoned.

18. Pursuant to Supplemental Rule F (2) and 46 U.S.C. §30501 *et seq.*, Petitioner seeks exoneration from or limitation of liability for any death, injuries, damages, and losses of whatever description arising out of the aforesaid incident and desires to contest liability in the event claims are made or claimants allege they have valid defenses to the claims on the facts and law.

19. Subject to an appraisal, Petitioner's interest in the Vessel post-casualty does not exceed $70,000.00. The Marine Surveyor's Report, dated January 17, 2022, reflects the Agreed Value of the Vessel at $70,000.00. [*See* Marine Surveyor's Report, attached hereto as **Exhibit "1"**]. There was no pending freight at the time of the incident.

20. Subject to any appraisal of its interest upon reference, Petitioner deposits with the Court, as security for the benefit of claimants, a Letter of undertaking from his insurer in the sum of $70,000.00, plus interest at 6% per annum from December 10, 2021, said sum being the value of Petitioner's interest

in the vessel following the incident. The Letter of Undertaking is attached hereto as **Exhibit "2"**.

21. The incident described above was not caused or contributed by Petitioner's fault, negligence, or lack of due care.

22. Petitioner claims exoneration from or limitation of liability for any and all property damages, personal injuries, and either-or death cause by the subject incident involving the Vessel, and for any claims thereof.

23. Any claims arising from the death, injuries, losses, or damages described above were done, occasioned, and incurred entirely without any negligence or other fault on part of Petitioner, or anyone for whom Petitioner may be legally responsible for, and Petitioner is entitled to exoneration from any liability for any such claims.

24. Petitioner, without admitting but affirmatively denying all liability, claim the benefits of the limitation of liability provided for in 46 U.S.C. §30501 *et seq.*, and the various statutes supplemented thereto and amended thereof, and to that end, Petitioner has filed with the Court, as security for the benefits of Claimants, a letter of undertaking, with interest and sufficient security, for the amount of value of his interest in the Vessel, as provided for by Supplemental Rule F, and the applicable local rules of the U.S. District Court for the Middle District of Florida.

25. If it later appears that Petitioner may be liable and the amount or value of Petitioner's interest in the Vessel is not sufficient to pay all losses in full,

then Claimants shall share *pro rata* in the aforesaid sum, saving Claimants any rights of priority they may have as ordered by this Court, or as provided by the aforesaid statute, or by the Federal Rules of Civil Procedure, Supplemental Rule F, and the applicable local rules of the U.S. District Court for the Middle District of Florida.

26. In the event the Court determines there was negligence or other legal fault in the operation and either-or use of the Vessel which contributed in any way to any alleged death, injuries, losses, or damages on the part of any person, vessel, or other claims arising from the December 10, 2021 Incident, which negligence or other legal fault is denied by Petitioner, such negligence occurred wholly or in part without the privity or knowledge of Petitioner within the meaning of 46 U.S.C. §30501 *et seq*.

27. Petitioner believes potential claims arising from this maritime incident may exceed the value of Petitioner's interest in the Vessel and pending freight (of which there was none) on the date of the Incident at the end of the voyage.

28. By reason of the facts and circumstances set forth above, Petitioner claims the benefits of the provisions of 46 U.S.C. §30501 *et seq*., and Supplemental Rule F in this proceeding.

29. By reason of the foregoing, if any liability should be adjudged and imposed upon the Vessel, which liability is denied, then Petitioner is entitled to limitation from any such liability pursuant to 46 U.S.C. §30501 *et seq*.

WHEREFORE PETITIONER, BRIAN LEONOVICZ, RESPECTFULLY REQUESTS:

A. For an Order

    1. Approving the above-described Letter of Undertaking filed with the Court by Petitioner, as security for the amount or value of Petitioner's interest in the Vessel until such time the Court causes due appraisement to be made of the amount of the value of Petitioner's interest in the Vessel at the end of the aforesaid voyage; and

    2. Directing the issuance of a monition to all persons claiming damages for any and all injuries and losses occasioned, incurred, or resulting from the aforesaid Incident on December 10, 2021, directing them to file their claims with the Clerk of Court and to serve on or mail to the attorneys for Petitioner copies thereof on or before the date to be named in said monition, further to appear and answer the allegations of this Petition according to the law and practice of this Court at or before a time certain to be fixed by said monition; and

B. That an injunction shall issue restraining the prosecution of all suits, actions, and proceedings already begun to recover for damages sustained and arising out of, occasioned by or consequent upon the Incident aforesaid, and the commencement or prosecution thereafter of any suit,

action or legal proceeding of any nature of description whatsoever, except in the present proceeding, against Petitioner and either-or the Vessel in respect of any claim or claims arising out of the Incident on December 10, 2021, above described; and

C. For a Decree adjudging:

1. That neither Petitioner nor the Vessel are liable to any extent for any losses, damages, or injuries, or for any claim whatsoever, in any way arising out of or in consequence of the aforesaid Incident of December 10, 2021, as stated above;

2. Or, if Petitioner shall be adjudicated liable, then that liability be limited to the amount of the value of their interest in the Vessel at the time of the aforesaid Incident described in this Petition, and that any as may duly prove their claims, saving to all parties any priorities to which they may be legally entitled, and that a decree thereupon be entered discharging Petitioner from any and all further liability; and that Petitioner may have such other and further relief as the justice of the cause may require.

Dated: April 5, 2022.

                    **RESPECTFULLY SUBMITTED,**

                    */s/ Daniel S. Marcotte*
                    **McALPIN CONROY, P.A.**
                    *Counsel for Petitioner*

**McALPIN CONROY, P.A.**
80 S.W. 8th Street, Suite 2805
Miami, Florida 33130
(305) 810-5400 Tel.
(305) 810-5401 Fax
By: */s/ Daniel Marcotte*
Richard J. McAlpin, Esq.
RMcalpin@McAlpinConroy.com
FL Bar No.: 438420
GCastellon@McAlpinConroy.com
Daniel Marcotte, Esq.
FL Bar No.: 52314
DMarcotte@McAlpinConroy.com
LMonteagudo@McAlpinConroy.com
CLabora@McAlpinConroy.com