UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN THE MATTER OF THE
COMPLAINT OF BRIAN
LEONOVICZ, AS OWNER, FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY OF A      Case No.:   2:22-cv-00219-SPC-NPM
2018 23' SEA HUNT ULTRA 234
CRUISER VESSEL, BEARING
HULL ID NO. SXSY0039I718.

_____/

**ORDER**[1]

Before the Court is United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (R&R). (Doc. 32). Petitioner Brian Leonovicz moved the Court to enter a default against all persons and entities who have failed to file claims or answers and bar the filing of any further claims or answers in this or any proceeding related to or arising out of the events described in the petition. (Doc. 15). Judge Mizell recommends entering default judgment in favor of Petitioner, dismissing as moot the claims asserted, and directing the clerk to close the case. The time to object to the R&R has expired and no party objects. (Doc. 33). So the R&R is ripe for review.

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part," a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1)(C). In the absence of specific objections, there is no requirement that a district judge review the report and recommendation *de novo*. *See Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993). Instead, when parties do not object, a district court need only correct plain error as demanded by the interests of justice. *See, e.g.*, *Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985). Plain error exists if (1) "an error occurred"; (2) "the error was plain"; (3) "it affected substantial rights"; and (4) "not correcting the error would seriously affect the fairness of the judicial proceedings." *Farley v. Nationwide Mut. Ins.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

After careful consideration and an independent review of the case, the Court finds no plain error. So it accepts and adopts the R&R in full.

Accordingly, it is now

**ORDERED:**

United States Magistrate Judge Nicholas P. Mizell's Report and Recommendation (Doc. 32) is **ACCEPTED and ADOPTED,** and the findings incorporated herein.

1. Petitioner Brian Leonovicz's Motion for Entry of Default (Doc. 15) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of Petitioner, deny all pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 28, 2022.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record